In the ESTATE OF Raymond Earl
THRASHER, Deceased.

Ona Mae THRASHER, Respondent,
Cross Appellant

v.

ESTATE OF Raymond Earl THRASHER,
Raymond L. Thrasher,
Admin., Respondent,

v.

Harlan D. THRASHER, Heir, Appellant,
Cross Respondent.

Nos. 45107, 45669 and 45734.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 22, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

Harlan D. Thrasher, pro se.

John B. Morthland, Hannibal, for respondent.

SNYDER, Presiding Judge.

There were three appeals from judgments of the probate division of the Circuit Court of Shelby County in the estate of Raymond Earl Thrasher, deceased:

1. Harlan D. Thrasher, a son of decedent, appealed from the trial court ruling that Ona Mae Thrasher, widow of the decedent, was the owner of a promissory note in the principal sum of Ten Thousand One

Hundred Dollars ($10,100.00). "Earl Thrasher and Ona Mae Thrasher, husband and wife as tenants by the entirety" were named as payees in the note.

2. Harlan D. Thrasher also appealed from the trial court's denial of his motion to revoke the letters of administration and to refuse compensation to the administrator and his attorney.

3. Ona Mae Thrasher appealed from a trial court judgment which ruled that an antenuptial agreement barred her as surviving spouse "from all inheritance and statutory rights".

The judgments are affirmed.

Decedent and Ona Mae Thrasher were married in 1970 after the death of Lela May Thrasher, decedent's first wife. Decedent and Ona Mae Thrasher had entered into an antenuptial agreement, entitled "Antenuptial Agreement Barring Marital Rights", in which each party agreed that he or she would not acquire any interest in the real or personal property of the other by reason of the marriage. Each party also agreed that he or she would not have any interest, right or claim to the estate of the other by virtue of any law.

Ona Mae Thrasher contends that the antenuptial agreement is not enforceable to bar her statutory rights in her deceased husband's estate and this is the only issue that needs to be discussed at any length. This court finds the antenuptial agreement to be valid and enforceable.

Ona Mae Thrasher argues that the burden was on the estate to prove that the agreement was valid and enforceable and that the estate did not meet its burden of proof because the estate failed to adduce any evidence proving that Ona Mae Thrasher had been given a full disclosure of the nature and extent of the assets of the decedent, or proving that the antenuptial agreement was based upon fair consideration at the time of its execution.

The only evidence introduced by the estate was the antenuptial agreement itself. The estate introduced no other evidence to show full disclosure of the assets or fair consideration for the agreement.

The agreement consists of two and half pages. In it the parties recite "Each party has made a full and frank disclosure to the other in relation to the character and extent of such property, and each acknowledges that he or she has full and complete information as to the assets of the other". There are other recitals in which each party relinquishes his or her inheritance and other statutory rights in the estate of the other.

Ona Mae Thrasher cites *Hosmer v. Hosmer*, 611 S.W.2d 32 (Mo.App.1980) for the proposition that the burden of proof is on the party seeking to enforce an antenuptial agreement. Although the *Hosmer v. Hosmer* opinion does contain language to that effect, the language is dicta because the opinion states that the record before the court did not require resolution of the problem of burden of proof. Id. at 36. Further, the court in *Hosmer* held that factors of full disclosure and fair consideration must be shown, "at least unless prima facie evident on the face of the instrument". Id. at 36[6–7]. In the case under review, full disclosure and fair consideration are prima facie evident on the face of the agreement signed by the parties.

*Hosmer* is also factually distinguishable because in *Hosmer* only the prospective bride agreed to claim nothing from the estate of the prospective groom. Id. at 34, n. 3. The prospective groom only promised to establish a trust and there was no evidence that the promise was fulfilled. Id. at 38[13]. There were other material factual differences between the agreement in *Hosmer* and the one under consideration here. The antenuptial agreement effectively bars Ona Mae Thrasher from claiming her statutory rights in decedent's estate.

The promissory note in question arose out of a real estate transaction. Decedent and his former wife, Lela May Thrasher, had owned a parcel of real estate. They held title as tenants by the entireties and Lela May Thrasher's name apparently remained on the records as owner, along with decedent's, until the real estate was sold in 1979. The record does not disclose whether or not an affidavit of the death of Lela May Thrasher was recorded. Decedent and Ona

Mae Thrasher signed the warranty deed conveying the real estate to the purchaser. The note in question, made out to decedent and Ona Mae Thrasher as tenants by the entireties, was given in payment for the reality.

The points raised by the son Harlan D. Thrasher, concerning the promissory note and revocation of the letters of administration are ruled against him in compliance with Rule 84.16(b). An extended opinion would have no precedential value. Even though Ona Mae Thrasher furnished no consideration for the promissory note, there was substantial evidence to support a trial court finding that the decedent made a gift of the note to Ona Mae Thrasher. There was no error of law in denying Harlan D. Thrasher's motion to revoke the letters of administration and refuse compensation to the administrator and his attorney. See *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

The judgments are affirmed.

DOWD and GAERTNER, JJ., concur.